# NORTHERN UNITED STATES DISTRICT COURT OF OHIO

**PLAINTIFF,**
Donald Edward Pryor
1615 Columbus Ave. Apt. 14
Sandusky, OH 44870

VS

**DEFENDANTS,**

(
(
(
(
(
(
(
(
(
(
(

**3:08CV00994**

Case No. _____

**JUDGE JAMES G. CARR**

Judge _____

Complaint

---

**United States Attorney General,**
**Michael B. Mukasey**
Served Upon Assistant,
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

**U.S. Attorney, N.D. Ohio**
**Carl B. Stokes U.S. Courthouse**
801 West Superior Avenue
Suite 400
Cleveland, Ohio 44113-1852

**Bowling Green State University,**

**Representative: General Counsel**
308 McFall Center
Bowling Green, OH 43403
Phone: 419-372-0464
Fax: 419-372-8700
gencounsel@bgnet.bgsu.edu

**Firelands College,**
**Office of the Dean**
**James M. Smith, Ph.D., Interim dean,**
One University Drive,
102 Foundation Hall,
Huron, OH 44839
419-433-5560, x20685
419-372-0710
smithj@bgnet.bgsu.edu

**Dr. Christina Genovese**
19 Laurel Ln
Norwalk, OH 44857-2507
(419) 668-9950

**Second Address for Dr. Genovese**
One University Drive,
300A Firelands West,
Huron, OH 44839
Phone: (419)433-5560 x0674
chrisag@bgnet.bgsu.edu

**Mark R. Charville**
Director of budget and operations,
BGSU-Firelands
1 University Drive,
136 Foundation Hall,
Huron, OH 44839
419-372-0638

**Dr. Jeffrey K. Wagner**
10009 Church Rd
Huron, OH 44839-9599
(419) 588-2169

**James Michael Smith**
VP Regional Growth/Econ Dev
Office of the President
303 McFall Center
419-372-2209
jmsmith@bgnet.bgsu.edu

**Andrew Shella**
Biology Coordinator
1 University Drive,
209 West Buildling,
Huron, OH 44839
Phone: 1-419-433-5560, x20654
ajshell@bgnet.bgsu.edu

1

**Erie County, Sheriff's Dept.**
**Sheriff, Terry Lyons,**
2800 Columbus Avenue
Sandusky, OH 44870
(419) 627-7668 Administrative Office
(419) 627-7566 Civil Division
(419) 627-7569 Jail Division

**Captain Paul A. Sigworth**
**Erie County Sheriff's Dept.**
2800 Columbus Avenue
Sandusky, OH 44870
(419) 627-7668 Administrative Office
(419) 627-7566 Civil Division
(419) 627-7569 Jail Division

**Deputy Sheriff Jeffrey Hippley**
**Erie County Correctional Dept.**
2800 Columbus Avenue
Sandusky, OH 44870
(419) 627-7668 Administrative Office
(419) 627-7566 Civil Division
(419) 627-7569 Jail Division

**Sergeant Kantz**
**Erie County Correctional Dept.**
2800 Columbus Avenue
Sandusky, OH 44870
(419) 627-7668 Administrative Office
(419) 627-7566 Civil Division
(419) 627-7569 Jail Division

**Deputy Klepper.**
**Erie County Correctional Dept.**
2800 Columbus Avenue
Sandusky, OH 44870
(419) 627-7668 Administrative Office
(419) 627-7566 Civil Division
(419) 627-7569 Jail Division

**Erie County Jail**
**Director/Manager**
2800 Columbus Avenue
Sandusky, OH 44870
(419) 627-7668 Administrative Office
(419) 627-7566 Civil Division

(419) 627-7569 Jail Division

**Huron City,**
**City Director: Andrew White**
417 Main Street,
Huron, OH 44839
TEL (419) 433-5000
FAX (419) 433-5120

**Law Director, City of Huron**
Huron Municipal Court
M.L. McDermond, Jr.
Law Director, City of Huron
417 Main Street,
Huron, OH 44839
PH. (419) 433-5430
TEL (419) 433-5000
FAX (419) 433-5120
municourt@cityofhuron.org

**Judge William Steuk**
Huron Municipal Court
M.L. McDermond, Jr.
Law Director, City of Huron
417 Main Street,
Huron, OH 44839

**Sandusky Register**
**Publisher, Doug Phares**
314 West Market Street
Sandusky, OH 44870-5071
**TEL (419) 625-5500**
800-466-1243 (Toll Free)

**Firelands Counseling & Recovery Services**
Supervisor, Bruce Kijowski, Site Director
Erie County Office,
2020 Hayes Ave.
Sandusky, OH 44870
PH. 419-557-5177

1. *Entities are being held responsible both individually and in their official capacities as Employees of the State, University, County & City, as well as incorporated parties.*
2. Case No. _____
   VERIFIED COMPLAINT
3. **Plaintiff demands trial by jury**

2

4. **BASIS OF THE COURT'S JURISDICTION:**

5. The defendants violated Plaintiff's rights under the following US Constitutional Amendments:
6. **First** (reference to God's capability & my lack of),
7. **Fourth** (unreasonable searches and seizures),
8. **Fifth** (rights of person),
9. Sixth ((Right to speedy process),
10. **Eighth** (cruel & unusual punishment administered upon a person with a parent in poor health who died subsequently 2 ½ weeks after a highly public arrest of Mr. Pryor),
11. **Ninth** amendment (enumerated rights),
12. **Tenth** amendment (rights already guaranteed by federal entity were superimposed by a State Institution, in violation of federal law), and
13. **Fourteenth** Amendments (Rights Guaranteed Privileges and Immunities of Citizenship, Due Process and Equal Protection) to the United States Constitution.

14. TITLE 42--THE PUBLIC HEALTH AND WELFARE, CHAPTER 7--SOCIAL SECURITY, SUBCHAPTER XI-- GENERAL PROVISIONS, PEER REVIEW, AND ADMINISTRATIVE SIMPLIFICATION, Part C--Administrative Simplification, Sec. 1320d-6. **Wrongful** disclosure of individually identifiable health information.
15. Violation of **HIPPA**.
16. CONSPIRACY AGAINST RIGHTS IN VIOLATION OF **Title 18, Chapter 13, USC 241 AND 242** .
17. Sec. 241. Conspiracy against *rights.*
18. Sec. 242. Deprivation of *rights* under color of law.
19. **Emotional Distress.**
20. **Invasion of Privacy.**
21. Plaintiff brings this action against Defendants to redress the deprivation of rights secured him by the First, Fourth, Fifth, Eighth, Ninth, Tenth and Fourteenth Amendments to the United States Constitution, and under the **Civil Rights Acts (1871 etc.), Title 42 U.S.C. Â§ 1981, Â§1983, Â§1985 &** conspiracy to interfere with civil rights **Â§1988** and the common law/State Law. This action is brought pursuant to 42 U.S.C. ' 1983 and the First, Fourth, Fifth, Eighth, Ninth, Tenth and Fourteenth Amendments to the United States Constitution and the laws of the State of Ohio.
22. **Malicious prosecution.**

23. Venue is proper pursuant to **28 U.S.C. ' 1391(b)** in that the plaintiff's claims arose in the North District of Ohio. Plaintiff is an adult domiciled in the Erie County, in the City of Sandusky. Each defendant is, upon information and belief, a citizen of the State of Ohio and therefore under applicable laws of the State of Ohio & the United States.
24. Defendants includes; agents of the State of Ohio being the BGSU/Firelands University, Erie County Sheriff/Erie County Jail, City of Huron/Huron Municipal Court and a corporation exists by virtue of the laws of the State of Ohio for BGSU/Firelands. The Defendant Sandusky Register exists as a Corporation subject to Federal & State Laws. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.
25. This Court has jurisdiction over this matter pursuant to **28 U.S.C. Â§1331, 1332, and 1343(a) (3-4), and 42 U.S.C. Â§1983.**
26. Jurisdiction to grant declaratory judgment is conferred by **28 U.S.C. " 2201, 2202.** An award of costs and attorneys fees is authorized pursuant to 42 U.S.C. ' 1988
27. Plaintiff also invokes supplemental jurisdiction of this Court over his state claims against Defendants for common law violations pursuant to **28 U.S.C. Â§1367** as the common law claims form part of the same case or controversy.

28. **VIOLATION UNDER STATE LAW FOR MULTIPLE PARTIES.**

29. Plaintiff's right to proceed for civil damages is augmented by the Ohio State Constitution under Article 1, § 1.16 Redress in courts. Furthermore, Ohio State Constitution guarantees the following rights under Article 1, § 1.01 Inalienable Rights (1851), § 1.11 Freedom of speech; of the press; of libels & § 1.14 Search warrants and general warrants.

30. Further, Ohio State Constitution, **article 1** protections includes; § 1.20 Powers reserved to the people, in lieu of the jury exonerating Mr. Pryor, and finding him not guilty. The people's judgment allows the previous defendant to bring claims for actions taken upon an innocent person by utilizing Ohio & US Courts. The State of Ohio of course is unique & appears to give their authority extra layers of immunity that avoids less liability for their actions, then other US States.

31. **The Erie County Sheriff's Dept., City of Huron/Huron Municipal Court/Huron City Law Director** & **the State of Ohio** employees are presumed to have taken an oath to uphold the constitution for the citizens of our nation. Therefore under **Article 15 of the State Constitution; § 15.07** states their taking an "Oath of officers" to the **US & State of Ohio Constitution** hold them accountable for their actions.

32. *The **Ohio Revised Code** involves the following citations for State offenses & other applicable citations for courts and multiple violations by defendants:*
33. 2739.01 Libel and slander.
34. 2921.44 Dereliction of duty.
35. 2921.45 Interfering with civil rights.
36. 2917.32 Making false alarms.
37. 2923.34 Civil proceeding seeking relief from any person whose conduct constitutes corrupt activity.
38. 2923.32 Engaging in pattern of corrupt activity.
39. 2921.52 Using sham legal process.
40. 2923.01 Conspiracy.
41. Malicious prosecution.
42. Wrongful Death.
43. Emotional Distress.
44. Defamation of Character.
45. Invasion of Privacy.
46. 2921.24 Disclosure of confidential information.
47. 2921.03 Intimidation.
48. 109.362 Investigation as to whether action was manifestly outside scope of duties or with malicious purpose or in bad faith.
49. Illegal Search warrant for Sister's house.
50. Wrongful medical information release.
51. 2743.48 Wrongful imprisonment civil action against state.
52. 2905.03 Unlawful Restraint.
53. 1333.63 Damages recoverable.
54. 2307.61 Civil action for willful damage or theft.
55. 2711.04 Appointment of arbitrator.
56. **Chapter 2710** Uniform Mediation.
57. 120.06 Duty to provide legal representation to indigent adults and juveniles.

4

58. Harassment & Intimidation.

59. Whereas, The **State of Ohio** guarantees the plaintiff's rights to be free from false arrest, illegal imprisonment and gives this person the right to be secure in their person and free from the use of unreasonable force (Officials at the **Erie County Jail** advocated the use of force if Mr. Pryor did not submit to fingerprinting after his objection to the process).

60. As a result of the defendants' unconstitutional and unlawful actions, Plaintiff has suffered emotional distress and damage to his reputation that is ongoing & cataloged for eternity on the Internet. Plaintiff seeks a declaration that the defendants' have permanently violated Plaintiffs rights where an award of damages and attorney's fees are necessary.

61. Plaintiff was a resident of Ohio State on April 19, 2007.

62. **UNIVERSITY CODE VIOLATIONS:**

63. Harassment, Intimidation, violation of protocols for job evaluation practices, violation of intellectual freedom prescribing each instructor the ability to teach a class as they so choose. Dr. Genovese extensively violated such clauses.

64. **ENCOMPASSING LIST OF KNOWN RESPONSIBLE PARTIES:**

65. Plaintiff brings this action against (as required by law); US Dept. of Justice, *State Of Ohio, Attorney General's Office Marc Dann under the local auspice of* U.S. Attorney, N.D. Ohio Carl B. Stokes U.S. Courthouse.

66. The Erie County Sheriff/Erie County Jail, BGSU/Firelands, Sandusky Register Supervising Officer(s) and participants (on duty or not) at the time that Plaintiff was wrongfully arrested etc.; are sued in their official & individual capacities. Huron City & Huron Municipal Court, Erie County Department of Corrections. Firelands Counseling & Recovery Service Health is liable as well in participating in the fiasco.

67. **HURON, MUNICIAPL COURT & HURON CITY**

68. Defendant, Huron City operates & governs the Huron Municipal Court/Law Directors Office & are responsible for setting in motion &/or the cause of arrest of Plaintiff by the Erie County Sheriff & Jail & to bring such measures against plaintiff. Defendants include, the Huron City Police Department (McDermond & Steuk) of Erie County pursuant to the laws of the State of Ohio

69. Defendant/**City of Huron, Ohio** including; *City Director of Huron Andrew White, Law Director M.L. McDermond, Jr. & Huron Municipal Court, Judge William Steuk.*

70. **BGSU**

71. Defendant/**Bowling Green State University**, Bowling Green, OH within Wood County & **Firelands College**, Huron, OH within Erie County as State & Corporate entities. The list also includes the institutional & individual entities such as; *Dr. Mark R. Charville, Dr. Christina Genovese, Dr. Jeffrey K. Wagner, Dr. James. M. Smith & Andrew Shella;*

72. BGSU is an entity of the State of Ohio, within the boundaries of Wood County. Firelands College is a branch of BGSU, operating in the City of Huron, Erie County, OH and an entity of BGSU & the State of Ohio. **Dr. Christina Genovese** is a defendant under the guise of Bowling State University/Firelands College/State Employee and is being sought liable as an entity & an individual participant. **Dr. James Matthew Smith** (aka: James Michael Smith) is being sought liable as an entity & an individual participant. **Andrew Shella** is being sought liable as an entity & an individual participant. **Dr. Jeffrey K. Wagner** is being sought liable as an entity & an individual participant. **Mark R. Charville** is being sought liable as an entity & an individual participant.

73. Dr. Christina Genovese, Mark R. Charville, Dr, James Smith, Dr. Jeffrey K. Wagner & Andrew Shella are being sued in their official capacity & as individuals acting as so. Defendants etc. were acting as Official agents of BGSU in the scope of their employment for the university. Erie County Sheriff & BGSU/Firelands have a contract for provisions of security. The Erie County Sheriff is contracted by the University and falls inside & out of the scope of University liability.

Plaintiff maintains the reaction by Officials was way beyond what was necessary in their call for duty to citizens, tax payers & customers.

74. **ERIE COUNTY SHERIFF**
75. Defendant/**Erie County Sheriff's Department of Ohio**, as an institution of the state & individual officers/agents including, *Supervisor & Sheriff Terry Lyons, Deputy Sheriff Jeffrey Hippley, Captain Paul Sigworth, Deputy Sheriff Klepper & Sergeant Kantz*

76. Defendant/**Erie County Jail Department of Ohio**, as an institution of the State & as a individual *Deputy Agent & Supervisor* of that agent.

77. The Erie County Sheriff is contracted by the University and falls inside & out of the scope of University liability. Plaintiff maintains their behavior was way beyond what was necessary in their call for duty to citizens, tax payers & customers.

78. Erie County Sheriff Department/Erie County Jail &/or Correctional Dept., in Erie County, Ohio is being held liable as a defendant with participants as defendants; *Supervisor & Sheriff Terry Lyons, Deputy Sheriff Jeffrey Hippley, Captain Paul Sigworth, Deputy Sheriff Klepper & Sergeant Kantz*

79. Defendants *Deputy Sheriff Jeffrey Hippley* and Superiors, *Deputy Sheriff Klepper & Sergeant Kantz, Captain Paul A. Sigworth & Sheriff Terry Lyons* are being sued as entities & individuals in their official capacity.

80. **SANDUSKY REGISTER INC.**
81. **Sandusky Register Inc**, as a corporate entity & their associated media companies is being sought liable as an entity & an individual participant. With individuals to be named later.

82. At the time of the alleged incident and at all times pertinent hereto, Defendants acted with numerous violations including; under color of law, of various statutes, ordinances, regulations, customs, or usage etc.

83. Defendant entities & individuals acted in their official capacity and are liable to & for the city, county, state & federal laws.

84. Department of Justice/Attorney General are being sued for acknowledgement of claim, not as of yet being sued for damages. They are being sued in the capacity at this time to become aware of wrong doing.

85. **FIRELANDS COUNSELING & RECOVERY SERVICES**
86. For **HIPPA** violations and state law privacy of medical records violations and conspiracy to be complicit in the drive to prosecute Plaintiff. Harassment to get Plaintiff's Person to turn themseleves into the mental ward was continual & ongoing, with endless phone calls to confirm Plaintiff's location. What about Plaintiff's liability as a employee?.

87. **INTRODUCTION, FACTS:**

88. Defendant/City of Huron ("City"), OH, and the Erie Country Jail, in Sandusky, OH of Erie County; being sued for damages arising out of ; False Arrest , Malicious Prosecution, Illegal Search, Emotional Distress and other violations of constitutional policies and procedures, along with state and common laws that lay claims to emotional distress from wrongful disclosure of individually identifiable health information, filing a false police report, all arising from the Defendants named during and after Plaintiff's arrest on April 19, 2007, Defendants' refusal to provide Plaintiff's constitutional guarantees during his arrest as well as other allegations herein stated that primarily arise with motivation by the Virginia Tech incident of 4/17/2008.

89. Because of the Internet, the allegations are likely to live on forever. The information can never be hidden as it was released worldwide.

90. **HARASSEMENT & INTIMIDATION**

6

91. As a previous Professor/Instructor at the BGSU/Firelands College, Plaintiff was treated like a common criminal with allegations comparing him to the Virginia Tech shooter within the Erie County Sheriff's report that later were leaked to news outlets including; the Sandusky Register, Lorain Journal, Toledo Blade & Fox News. Plaintiff believes an outrage occurred on 4/19/2007 that violated multiple laws and regulations. Even a Defendant on this list, spoke that this charge was out of bounds for the legal officials to act upon.

92. Plaintiff is looking at a ruined career, and has not been employed since April 19, 2007 while at Firelands College. Plaintiff has destroyed reputation with years of legal wrangling to claim damages from these wrong doers. The Professor, Dr. Christina Genovese, who stirred the initial reaction and resulting complaint from the Erie County Sheriff Dept., is being held accountable for her actions, as well as the Erie County Sheriff's Dept. The arrest and the embarrassment were published throughout the area on various newspapers and on the local Fox News station as well as college publications.

93. Plaintiff's Mother was also ill during this whole affair and died soon after this appeared in the press/media. The matter was front page for Plaintiff's Mom to see. Her health worsened throughout the ordeal, accumulating in her death on 5/09/07. Plaintiff's problems increased with Dr. Genovese, because she later showed by her actions to be utilizing the illness of Plaintiff's Mom as a way to discredit Plaintiff and lay suspicion to other collegiate personnel as to whether plaintiff's Mom was ever sick. Dr. Genovese also made the initial report to her superiors. Dr. Genovese deliberately took matters out of context & conspired with other University Officials to create a climate of fear against plaintiff. These actions led to his arrest upon leaving Firelands Campus on 4/19/07, one day after resigning at the Institution for teaching two classes & laboratories.

94. Plaintiff's Mom died on 5/09/2007 after a lengthy illness at Firelands Rehabilitation Center stemming from her hospitalization on 2/14/2007. The arrest & court nightmare kept plaintiff from being with his Mom that particular day of 4/19 & 4/20 and took away valuable time in seeing her because of other court obligations brought upon Mr. Pryor. Plaintiff had to deal with the courts (ongoing legality) along with the stress the Prosecutor created. Plaintiff lost valuable time with parent (only surviving parent) because of being forced to deal with court ordered mental health evaluations & regulations forced upon plaintiff as stipulations for bail and maintaining bail.

95. The matter took away from the Plaintiff's devotion, time & prayers with parent, it left plaintiff in disgrace to his Mom and has untold repercussions for years to come on the Plaintiff's well-being & mental health. Plaintiff also maintains it caused a stir among hospital personnel when Plaintiff went to visit his Mom. It appeared they beefed up security around where Mr. Pryor was located. Which added additional stress to Mother. The last images of plaintiff to his Mother are Mug shots on the front pages of the local paper which hospital officials struggled to hide from her. Only a monster could have made this more of an issue than it was and plaintiff asks for court's help for healing, protection, prosecution & justice.

96. **LARGE OVERVIEW:**

97. This Civil filings stems from the Plaintiff's arrest made on 4-19-2007 for Telecommunications Harassment upon leaving Firelands College, Huron, Ohio within Erie County, from an email sent on 4-18-2007 within Erie County, OH. Plaintiff is enclosing the email (that resulted in the charge and arrest) and the Sheriff's report. My claim involves; United States Codes, The Constitution/Bill of Rights, The Ohio State Constitution, Ohio Revised Codes & Administrative as well as University Codes. Plaintiff is filing Pro Se & reserve the right to amend, consult or reassign case to legal counsel. Plaintiff uphold their right to file in additional courts as necessary & applicable.

98. Plaintiff is well aware of their need for legal council & so as the courts to appoint such council. If there are mistakes within this suit, please allow plaintiff time to amend by adding or removing materials. Plaintiff understands there may be a need to add or remove defendants, as applicable by the laws governing our nation & state.

99. The events leading to April 19, 2007 such as Plaintiff's resignation by email & subsequent arrest from that resignation email are results of issues pertaining to Dr. Genovese's behaviors towards plaintiff & a host of other entities. Defense Attorney's came up with various information & documents to support a civil case here (reference to CRB Case no. CRB 0700088).

100. At the first meeting between Dr. Genovese, Dr. Wagner & Mr. Pryor, she placed her hand on Mr. Pryor's shoulder and then on his knee, a sign of the need to excessively control the situation, and the plaintiff will show this from additional

7

information being held for trial. This one act alone would not be sufficient for a complaint/charge but coupled with her micromanaging Plaintiff's person to other faculty & students it shows a pattern aforementioned.

101. Dr. Christina Genovese & Firelands College Dept of Natural & Social Science led by Dr. Jeffrey K. Wagner, ignored vital procedures and Dr. Wagner ignored complaints from Mr. Pryor. Dr. Wagner described Dr. Genovese as harmless.

102. Also (on 2//22/07), a day after Mr. Pryor missed a class to deal with the ongoing crisis of his Mom's health & her being placed on a ventilator, Dr. Genovese ran out of her classroom and berated Plaintiff & explained Plaintiff must email his students and tell them a test is canceled for the evening. Dr. Genovese also said this in front of 20 people/eyewitnesses, "we will deal with your issues after your mommy is better". Quote the word mommy in front of her entire class on the 3rd floor of Firelands West Building.

103. She used terms specifically about my Mommy. This is unprofessional behavior and it created a hostile work environment during plaintiff's difficult time with his mother being sick in the hospital.

104. In the guidelines for reviewing instructors at the University/Bowling Green State University, the reviewer is not to speak upon sitting in on their class. Dr. Genovese on this occasion March 21, 2007, reviewed plaintiff, and not only spoke out of turn. Dr. Genovese also interrupted the Plaintiff numerous times during the class session. During the performance evaluation she also looked at students as if to encourage discord by her body language & her blatant disregard for Mr. Pryor's ability to teach.

105. Furthermore, there are no performance evaluations that were issued to Mr. Pryor. A lack of performance evaluation documents pertaining to his job performance were never placed or given to Mr. Pryor. No state entity would ever adhere to such poor procedure, yet Plaintiff was not to be renewed. It is so flagrant, that the participants such as Dr. Genovese & Dr. Cornell blatantly disregarded giving Plaintiff any type of course evaluation, and as Plaintiff understands, Dr. Genovese & others already decided not to rehire Mr. Pryor. Plaintiff was never to be privy of this information until end of semester, for fear Plaintiff may quit their position, leaving them in a state of discomfort.

106. Unfortunately, Plaintiff after being kicked around for rushing to be with his Mom at the local hospital, had enough after Dr. Genovese sent a retaliating email to Mr. Pryor on April 18th, the day Mr. Pryor learned his Mom would be placed in a nursing home to his dismay and strife in the family over Mr. Pryor wanting the family to keep her at one of the siblings home. It was also terrifying for his Mother because of her long fear of entering into a nursing home. After Dr. Genovese sent an email with some sarcasm in it, Mr. Pryor decided to let his frustrations out & let rightful discord be heard to address the long standing abuses of the situation at Firelands Collge. Plaintiff was putting in 50 hours a week to keep two lectures & two laboratories running smoothly, while dealing with a family crisis of the highest magnitude. Plaintiff is not married and his best friend and only parent was not doing well to say the least.

107. **INCIDENT IN-DEPTH:**

108. After sending the email, the court records later show that Dr. Genovese never contacted the police department in her home. But she did network with staff of BGSU. At first, Dr. Genovese's reaction were one of worry that she upset & caused Plaintiff to quit. She comments, "I hope no one blames me for this", because of plaintiff's resignation email.

109. Dr. Genovese later sent an email to colleagues out of concern and talked how plaintiff's reaction was weird or strange. Later, one might postulate it sunk in that her duties increased for the rest of the semester because of Mr. Pryor resigning. Dr. Christina Genovese, as listed in the Sheriff's report, started alluding to Virginia Tech & making connections to it & Mr. Pryor's behavior. What Plaintiff maintains is that this is retribution & retaliation for Mr. Pryor resigning.

110. Furthermore, the first act by BGSU was to reconfirm Plaintiff's resignation was acknowledged; Mr. Charville contacted BGSU Legal Counsel at Main Campus. Their first inclination was, that if Mr. Pryor returns to campus he can be stopped and questioned. Then officials spoke about obtaining a restraining order. Then Huron Municipal Court was contacted with Mr. McDermond at the helm, after a meeting at 1:15 pm they decided to charge Mr. Pryor.

111. The Prosecutor/Legal authorities also decided Plaintiff needed a mental evaluation. As Plaintiff went to campus to send past grades to Dr. Wagner for his courses, Mr. Pryor was allowed to freely walk around campus. Carrying a bag that was never returned to his person after an arrest. The bag and its contents have never been acknowledged nor returned to Mr. Pryor.

112. Plaintiff alleges possible tampering with evidence, theft &/or destruction of his property. This is just one of the incidents of wrongful search & seizure brought upon plaintiff. Mr. Pryor lost valuable documents & business plans that were either stolen, destroyed or are still in the possession of the Erie County Sherriff dept. Plaintiff alleges possible tampering or destruction of the property that was seized illegally. Sgt. Kantz & Deputy Klepper may be the participants that have stolen Plaintiffs materials, destroyed or tampered with the materials within bag. Plaintiff requests materials be returned at once. The inventory sheet given was inaccurate & false on the contents of Mr. Pryor's vehicle. A flash drive containing multiple chemical formulas & business plans was in that bag.

113. In all of this, Mr. Pryor was never questioned about threatening anyone, or asked what his intentions were. Most of the actions, by the authorities, does not fit with what a crime investigation would entail.

114. Plaintiff, after the arrest, had an Incident at Erie County Jail. Plaintiff verbally resisted finger printing & pictures being taken. Upon going to the fingerprinting area, Plaintiff reiterated his right to not be fingerprinted. Plaintiff was told by a Deputy (?) that things can get real ugly, real fast in here, so don't give us any crap. Quoted as saying, "You're going to give us your fingerprints or else".

115. The deputy at the Erie County Jail then made numerous attempts to fingerprint Plaintiff. The computer would not take the prints. The deputy then received assistance with the computer after spending 20 minutes harassing Mr. Pryor by continually grabbing his hands to get fingerprints, yet no success.

116. Plaintiff wishes to not be fingerprinted or photographed were ignored. The Deputy's technical difficulties caused Mr. Pryor to have his hands routinely grabbed for fingerprints while the Deputy complained about the technical difficulties with FBI, fingerprint database.

117. He then told plaintiff, I've got your prints but they're going to be worthless because their blotchy in the middle on the computer imagery. Then a more competent Deputy came over & assisted printing Plaintiff.

118. **AFTER ARREST ISSUES:**

119. Illegal Weapons Search, Illegal Issue of search warrant. On 4/20/2007, a search warrant for firearms & other deadly weapons was put into effect against plaintiff. This warrant had no basis, as no threat of violence or weapons were ever issued or spoke of by Plaintiff. Plaintiff believes because email mentioned God punishing his enemies, it provoked these folks to not understand Plaintiff's rights to freedom of religions as invoked in Psalms. Furthermore, Mr. Pryor or as a Jew or member of another religion, has the right to pray against an enemy affecting his well being & work. Plaintiff believes fundamental ignorance of freedom of religion is being ignored here.

120. MEDIA & PRESS: Additionally, Plaintiff's community has an ongoing policy of defendants paying large amounts of cash to stay out of the Newspaper through well-connected Attorneys. Defendant, the Sandusky Register, began an onslaught of media coverage about Mr. Pryor, that led to wide spread dissemination of this story. Including one front page cover that revealed Plaintiff's mental health state. HIPPA regulations not withstanding, they decided this was public knowledge.

121. Mr. Pryor's story in the Sandusky Register & other news sources was delayed until 4/21/2007. Often, the City of Sandusky/City of Huron utilized this delay to give Defendants an opportunity to pay excessive amounts of cash to various lawyers. As mentioned, this keeps their defendant from being in the Newspaper. Because Plaintiff did not have excessive amounts of cash payments, no order to stop publication of articles at the Sandusky Register was or could be given. Plaintiff alleges a small network in the Register with knowledge of these safe guards or at the Jails &/or Sheriff's Dept.

122. Mr. Pryor was ran through the mill appearing on 5 straight front covers of the Sandusky Register. He was used by the paper to make money; The Sandusky Register is liable along with the City of Huron, BGSU, Erie County Sheriff, Erie County Jail & Firelands Mental Health etc. for releasing information publically in this case. Yet their attention to civil rights & standards of treatment varies for defendants with cash.

123. Lawyers in our community make a huge amounts of money by keeping stories &/or charges & complaints out of the Newspaper from permanent public record. Mr. Pryor was denied his right to privacy in the community due to the inability to drop thousands of dollars on lawyer fees.

124. This practice of paying Attorney's to keep charges/crimes from the paper & public has gone on for years in Erie County etc. & multiple violations are sought against entities for this practice.

125. **OTHER FACTS:**

126. Erie County Jail Deputies took photographs of the Plaintiff without Plaintiff's permission, Plaintiff requested to use the phone to speak with family and/or an attorney. Only after the mental health care lady requested Mr. Pryor use a normal phone, did Mr. Pryor find a way to contact his sister about posting bail.

127. Plaintiff was transferred from Booking to a jail cell, then to a mental health agent & back to his jail cell until the posting of bail was possible. Mental health agents appeared worried about Mr. Pryor's mental health & postulated holding him for extended periods of time. Plaintiff made request on April 20th for the charges to be dismissed, in Huron Municipal court, they were not.

128. At no time pertinent hereto did Defendants have probable cause to believe Plaintiff had committed or was about to commit crimes against the University or its officials. Yet these Officials (Erie County Sheriff & University Officials) spoke of preventing problems on campus. Officials made comments in paper about keeping Mr. Pryor away from a public institution of learning, which he is an alumnus.

129. They, Huron Municipal Court allowed the charge of telecommunications harassment to stand against Plaintiff from April 19th to July 26th, over 90 days in violation of Plaintiff's civil rights to a speedy trial. They ignored BGSU Official: Tromboli's conversation with Plaintiff's Attorney Loretta Riddle of the Donald Harris Law Firm. City Law Director Lee McDermond led the Prosecution to squash the University's other view on events. Where BGSU Official Tromboli understood I was an alumnus, and Plaintiff had paid thousands to attend BGSU & still owes 65,000 in student loans.

130. It appears at least one BGSU Officials is suspicious on how authorities at Firelands College had acted against Plaintiff. Plaintiff submits there is a clear admission to improper action which implicitly discredited the arrest of Mr. Pryor. None of the University information of a "different view on events" was ever admitted in Huron Municipal Court. This is because an Assistant Attorney General sided with Law Director, Lee McDermond & the Huron Law Director's Office. This Attorney General works for the State of Ohio and is likely aware that the State of Ohio may bare some liability if Plaintiff gets off on Telecommunications Harassment let alone the allegations that may follow against various parties.

131. Multiple defendants acted with actual malice toward Plaintiff and with willful indifference with deliberate disregard for the statutory and constitutional rights of Plaintiff. Defendants' actions constitute malicious prosecution unreasonable with excessive threats of force, deprivation of liberty and punishment without due process of the law. Upon information and belief, at all times pertinent hereto, Defendant City, County Sheriff/Jail & University etc permitted and tolerated the practice of unreasonable use of force, punishment and deprivation of Constitutional Guarantees by its association with Erie County Sheriff officers so they can effect an arrest.

132. The acts, omissions, systemic flaws, policies, and customs of Defendant City, Erie County Sherriff, University caused acting officials & officers to believe that their misconduct, abuse of power, and denial of civilian rights would not be aggressively, honestly, and properly investigated. These suits, will in the future, help avoid use of malicious prosecution, excessive or unreasonable force and denial of rights against Plaintiff and others.

133. As a direct and proximate result of the acts and omissions by defendants, Plaintiff suffered emotional distress. And has mental anguish for deprivation of his physical liberties for time that can not be replaced, where his Mother would only live till May 09, 2007. Plaintiff looks to address wrongful death of mother against Plaintiffs. The financial cost to Plaintiff is almost unknown but can be calculated by assuming a career of earnings. Additionally Plaintiff is concerned that Defense Attorney grossly over charged their client, yet Plaintiff submits for costs of Defense Attorney until some remedy is applicable to those costs acquired from the Donald Harris Law Firm, hence those costs are still in doubt by Plaintiff.

134. **COUNTS AGAINST DEFENDANTS:**

135. **COUNT I: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER TITLE 42 USC Â§1981 &/OR 1983 &/OR 1985 &/OR 1988 & COMMON STATE LAW. (REPRESENT MULTIPLE COUNTS)**

136. Under these laws & others the defendants are charged with dereliction of duty, interference with civil rights, making false alarms, and establishing a pattern of corrupt activity by all &/or some of the parties involved. Use of sham legal processes. Conspiracy, emotional distress, defamation of character, lack of due process. Libel & slander in a public form. Intimidation based on gender & generalized intimidation. Civil rights violations etc.

137. Plaintiff incorporates herein by reference to the allegations contained throughout. The intentional, illegal detention, illegal search and malicious prosecution violated the rights of Plaintiff as guaranteed by the Fourth, Fifth, and Eighth Amendments to the United States Constitution and such misconduct constitutes a departure from the standards of laws that protect our society & the Plaintiff.

138. Defendants/Erie County Sheriff, Jail/Huron City/Law Dept./BGSU Firelands/Sandusky Register/Firelands Counseling & Recovery etc are official entities & individuals liable under applicable laws for tolerating such misconduct &/or orchestrating such a conspiracy.

139. BGSU/Firelands contracts Erie County Sheriff's office at the Firelands Campus. They're in this case liable for the Sheriff's actions. They're not required to have the sheriff's office on campus by law, BGSU/Firelands so choosed to sign a contract with them to reduce BGSU's liability. Firelands ignored their own University disciplinary proceedings and acted in an unlawful manner against Plaintiff.

140. The Erie County Sheriff & Huron Municipal Court also have been utilized by BGSU officials to wrongfully punish plaintiff & allow other defendants listed to exact revenge on Plaintiff. It is evident by the Prosecutor Lee McDermond's past actions by suppressing a BGSU Officials comments from ever making it into court, (Mr. Tromboli draws a different view on events as do many others).

141. **COUNT II: VIOLATION OF CONSTITUTIONAL RIGHTS TO COUNSEL & DUE PROCESS**

142. Plaintiff incorporates herein by reference to the allegations contained.

143. It was the policy and practice of the Erie County Sheriff, Jail/Huron City/Law Dept. to authorize these officers to conduct patterns of behaviors & actions to cover up the use of (a) denying Plaintiff their constitutional rights to due process & even legal counsel. To secure warrants for Mr. Pryor's arrest & later for searching his alleged premises, Plaintiff's rights were violated. Harassment techniques were also utilized at alleged residence of Mr. Pryor perhaps by the Sandusky Police Department of Erie County & other agents.

144. This policy and practice of Erie County Sheriff, Jail/Huron City/Law Dept. encouraged and caused constitutional violations by officers, including the violation of plaintiff's constitutional rights. The supervisors who advised the Defendant officers unlawfully violated Plaintiff's rights while making malicious comments concerning Virginia Tech. Their collaboration in such actions encourages and tolerates the policies and practices described previous.

145. Defendant BGSU/ Erie County Sheriff, Jail/Huron City/Law Dept. refused adequately to understand, train, direct, supervise, or control their own officials as to prevent the violation of Plaintiff's constitutional rights. They failed to look at how past disciplinary action was carried out on campus in a University setting. BGSU Officials refused to speak publicly about Mr. Pryor's situation with his Mom. Neither did nor did they postulate it would be highly unlikely Mr. Pryor would attempt a Virginia Tech like shooting. Especially when his concerns are for his Mom's well-being & his own. Plaintiff maintains actions of all defendants contributed to harming Plaintiff's Mom & plaintiff's ability to work with her and maintain her spirits for a healthy recovery.

146. At all times pertinent hereto, Defendants were acting within the scope of their employment and pursuant to the aforementioned policies and practices of Defendants; State of Ohio/BGSU/ Erie County Sheriff, Jail/Huron City/Law Dept. & the Sandusky Register Inc. These policies and practices were enforced by State of Ohio/BGSU/ Erie County Sheriff, Jail/Huron City/Law Dept/Sandusky Register Inc. and its employee supervisors, and were the proximate cause behind the conduct injurious to the Plaintiff as well as a powerful link to his Mom's demise & wrongful death. Defendants are therefore liable for violations of Plaintiff's constitutional rights.

147. **COUNT III: CONSPIRACY TO VIOLATE CIVIL RIGHTS**
148. Plaintiff incorporates herein by referencing the allegations contained as aforementioned.
149. Defendants State of Ohio/BGSU/ Erie County Sheriff, Jail/Huron City/Law Dept/Sandusky Register acts were deliberate, willful, intentional, wanton, malicious, and oppressive in conspiring to violate Plaintiff's statutory civil rights. By acting in concert to illegally search Plaintiff and Plaintiff's processions, residence & vehicle with no reasonable suspicion. They are further accused of keeping, tampering with &/or possibly destroying contents of a BGSU labeled bag belonging to the Plaintiff.
150. They acted out of motives either direct or indirectly causal to maliciously arresting and prosecuting plaintiff without want of probable cause. Except for Virginia Tech & the Law Director invoking 9/11 to validate a filing of a false report, all that was done was to damage Plaintiff's reputation. And further achieve perceived employment liability forcing Plaintiff to take really bad positions that no one wants or leaving him unemployable as has been the case since April 17, 2007. Plaintiff believes actions by his office specifically strained his mother's emotions to the point that biochemical hormonal pathways were interrupted, causing her untimely demise. Hence, liability upon all entities mentioned for wrongful death.
151. The plaintiff seeks not only compensation for himself but for his remaining family. They ignored Plaintiff's rights to proper telephone use (leaving him handcuffed by one hand while attempting to use a phone with another hand, only allowing collect calls). Together multiple officials acted to create an environment of intimidation and coercion, including the use of verbal threats of physical abuse, as more fully described in the foregoing paragraphs, all in violation of 42 U.S.C. § 1981, 1983, 1985 & 1988 for which Defendants State of Ohio/BGSU/ Erie County Sheriff, Jail/Huron City/Law Dept are individually liable.

152. **COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
153. Plaintiff incorporates herein by reference to the allegations contained, as aforementioned.
154. State of Ohio/BGSU/ Erie County Sheriff, Jail/Huron City/Law Dept intentional abuse of discretion, malicious arrest and prosecution without want of probable cause & ignored Plaintiff's constitutional rights to speak with counsel while detained. They demanded a strip search of Plaintiff that was unjustified, and caused Plaintiff to suffer emotional distress for which Defendants are Official entities liable as the individuals. The Sandusky Register caused public humiliation by utilizing the press to absurdly hound the Plaintiff on their front page for 5 days straight.
155. Out of continual harassment from this media outlet combined with harassment techniques of law enforcement utilizing cross city police departments including the Sandusky Police, Plaintiff spoke to media to end a parade unseen in our community of a single individual.
156. The intentional and malicious prosecution and illegal detainment and abuse of discretion were unjustified and done with malice and indifference with deliberate disregard for Plaintiff's constitutional rights. The rights to be free from search and seizure and threat s of excessive/physical force. This stopped Plaintiff's ability to care for his Mother. And they deliberately disregarded human life and the dignity of Plaintiff's Mother. Who is now deceased after two & half weeks of terrorism by these officials. Plaintiff is thus entitled to exemplary damages & damages for wrongful death of his only surviving parent.

157. **COUNT VI: NEGLIGENCE**
158. Plaintiff incorporates herein by reference of the allegations previously contained.
159. Defendants, while acting as agents and employees for Defendant City in their capacity as police officers for Defendant State, County & City, have a duty to Plaintiff to perform their jobs without intimidation, coercion and verbal abuse (Dr. Christina Genovese refused to acknowledge Plaintiffs rights). Defendants' use of intimidation, coercion and verbal abuse upon Plaintiff and refusing to abide by his constitutional rights, civil rights & rights within a University Code, entails clear abuse. Incident of fingerprinting also is a case of ignoring a request that no fingerprints &/or picture be taken & constitutes & invasion of privacy by Sheriff's Dept. & Erie County Jail.

160. **COUNT VII: NEGLIGENCE**
161. Plaintiff incorporates herein by reference to the allegations contained throughout the complaint.

12

162. Defendant State of Ohio/BGSU/ Erie County Sheriff, Jail/Huron City/Law Dept owed a duty to Plaintiff to train and supervise and otherwise control its Officials to follow the University Code. They are guilty by the use of coercion, intimidation, violation of constitutional guarantees and other matters incidental to the exercise of all public/law enforcement functions including University Code violations.
163. Defendant entities & supervisors failed to provide adequate training, supervision, and control of Defendants action, which this failure constitutes negligence.
164. As a proximate result of Defendants etc negligent failure to provide adequate training, supervision, and control of Officers & Officials, Plaintiff has sustained emotional distress, and mental anguish. These injuries have caused and will continue to cause plaintiff pain and suffering, both mental and emotional torment. For the remainder of the plaintiff's life his mother's memories are tied to this incident which can have a bearing on Plaintiff's physical & mental health.
165. Defendant entities failure to provide adequate training, allowance and supervision to its officials constitutes a willful and wanton indifference and deliberate disregard for human life and the rights of private citizens, including Plaintiff & the emotional & physical well-being of his Mom. Plaintiff is thus entitled to exemplary damages, including wrongful death of Plaintiff's Mother.
166. Defendant Department of Corrections endangered Plaintiff's physical and emotional health and well being by allowing Plaintiff's Mom to go without time with her Son. Time deprived from a family that damaged the Mother as well as her only son. Mr. Don Pryor was obviously restrained from seeing his Mom and had to waste time dealing with government entities merely concerned with covering their liabilities while having no understanding what it might do to the little people of our world.
167. No regard for his Mother in the hospital. They'll merely twist and turn and say Mr. Pryor disregarded his own Mom & hand Mr. Pryor the weight of world so they can feel good about themselves. Mr. Pryor resigned and wanted to spend time with his Mom not at the University haggling with a disgruntled employee, Dr. Christina Genovese. Plaintiff especially did not want to waste hours with the Municipal Court & Firelands Counseling & Recovery Services.

168. **COUNT VIII: MALICIOUS ABUSE OF PROCESS, FALSE ARREST WITH MALICE, AND FALSE IMPRISONMENT**
169. Plaintiff incorporates herein by reference to the allegations contained in this document.
170. Defendants at the University, State of Ohio/BGSU/ Erie County Sheriff, Jail/Huron City/Law Dept used the criminal process against Plaintiff in order to advance their own careers & make the University appear as if they protect their students, even if there is no pending threat. They have moved by their institutional *operations* to dissuade Plaintiff from asserting their rights against Defendants and in order to cover up their own wrongdoing & to avoid civil and criminal liability for their own unlawful acts.
171. Dr. Genovese etc. Dean James Smith widely speculated about Plaintiff's intent, yet Dean Smith did not realize Plaintiff had three degrees from the institution. Furthermore, Dr. Genovese & Andrew Shella & others spoke about keeping Plaintiff in the dark about his non-renewal of his contract beyond spring of 2007. This was evident from the criminal proceedings against Mr. Pryor.
172. Defendants Erie County Sheriff/Erie County Jail along with City of Huron/Law Directors Office falsely arrested Plaintiff with malice and falsely imprisoned Plaintiff for charges of Telecommunications Harassment for responding to an unwanted email from Dr. Genovese. Dr Genovese, on the day of the incident, yelled at Plaintiff that he must send out an email explaining that Dr. Genovese is teaching Plaintiff's class to other University Officials. While Mr. Pryor deals with sick parent, she is contesting that point as well.
173. As a proximate result of this malicious abuse of process, false arrest, malicious prosecution and false imprisonment, Plaintiff suffered the damages as aforesaid. The plaintiff is filing pro se and has more research to do.

174. **COUNT IX: Slander, Libel Defamation of character.**
175. *Huron Municipal Court, BGSU/Firelands Dr. Genovese, Mark Charville, Dr. Wagner, Dr. Smith Andrew Shella, Erie County Sheriff/Jail & Sandusky Register engaged in* Slander & libel, Dr. Jeffrey K. Wagner stated up on the stand that he was well aware that Mr. Pryor had past mental health treatment &/or mental problem. That is a lie. Dr. Jeff Wagner is liable for slander, libel & defamation of character.

13

176. **COUNT X: Conspiracy to defraud plaintiff of employments rights under the law, conspiracy to utilize Virginia Tech and 9/11 to destroy and draw doubt about character of Plaintiff.**
177. **CONSPIRACY AGAINST RIGHTS IN VIOLATION OF Title 18, Chapter 13, USC 241 AND 242** . Sec. 241. Conspiracy against *rights*. Sec. 242. Deprivation of *rights* under color of law. *Huron Municipal Court, BGSU/Firelands Dr. Genovese, Mark Charville, Dr. Wagner, Dr. Smith Andrew Shella, Erie County Sheriff/Jail, Sandusky Register, Firelands Recovery & Rehab all reacted in concert with the premise of wrongdoing or within their rights to support an allegation of Plaintiff having similarities to the Virginia Tech incident.*
178. False & Slanderous comments were leaked out from Officials & the Media by those parties named. Dr. Christina Genovese, Andrew Shella, Dr. Jeff Wagner, Dr. Pommersheim & possibly Dr. Cornell in withholding information about Mr. Pryor's job performance evaluation. Another involves the entities that took part in framing Mr. Pryor for possibly thinking like the Virginia Tech madman. Certainly worthy of damages

179. **COUNT XI: First Amendment Violations.**
180. *Huron Municipal Court, BGSU/Firelands Dr. Genovese, Mark Charville, Dr. Wagner, Dr. Smith Andrew Shella, Erie County Sheriff/Jail, Sandusky Register, Firelands Recovery & Rehab* all engaged in conduct of denying person their rights of freedom of speech etc. The contents of email by Plaintiff includes a reference to God. They hampered Plaintiff's religious rights to express such belief.

181. **COUNT XII: Fourth Amendment Violations.**
182. *Huron Municipal Court, BGSU/Firelands, Erie County Sheriff/Jail* stole materials, issued warrants without due process or unverifiable reasons. Unlawful abuse of private property by destroying, tampering with &/or stealing materials. Further, invasion of privacy was breached by entities listed.

183. **COUNT XIII: Fifth Amendment Violations.**
184. *Huron Municipal Court, BGSU/Firelands Dr. Genovese, Mark Charville, Dr. Wagner, Dr. Smith Andrew Shella, Erie County Sheriff/Jail, Sandusky Register,* all helped create & prosecute and infamous crime that deprived plaintiff of Due Process. Took time away from Plaintiff & time from his Mother. Plaintiff was deprived of life, liberty & property. Also forced, Plaintiff to not raise a fuss about procedures because if authorities revoked bond, his time with parent would be further shortened.

185. **COUNT XIV: Sixth Amendment Violation, Time line violation.**
186. *Huron Municipal Court, BGSU/Firelands & Dr. Genovese,* Speedy trial was violated, more than 90 days passed since the time of the incident.

187. **COUNT XV: Eighth Amendment Violation, Excessive penalties imposed.**
188. *Huron Municipal Court, BGSU/Firelands Dr. Genovese, Mark Charville, Dr. Wagner, Dr. Smith Andrew Shella, Erie County Sheriff/Jail, Sandusky Register, Firelands Recovery & Rehab.* Wrongful death of parent, lost time as she died two & half weeks after the incident. Punished Mr. Pryor wrongfully by loss of unmeasurable time with only surviving parent. Permanent questions marks have been made public about the most egregious issues for employers to consider hiring a person.
189. Has handed Plaintiff a career of lifetime liability to hiring agencies, corporations & government entities. Mr. Pryor does not have a Professional position at this time, nor since April 19, 2007 of this incident has he held a Professional Position of any type. He is suffering from ongoing retribution & retaliation from acts of University, County Sheriff & City Municipalities.

190. Wrongful death by changing the Plaintiff's parent mental outlook, causing her to lose hope and have feared for her son on top of the problems she already had. Plaintiff will seek experts such as Esther Sternberg to show evidence of emotional damage that leads to biochemical problems for person, which could result in stress that forces an already compromised patient to be further harmed by emotional distress, placed on patient by the Newspaper & Authorities.
191. Emotional distress upon plaintiff that will last a lifetime involving financial issues & family issues.

192. **COUNT XVI: Ninth Amendment Rights (enumerated rights).**
193. *Huron Municipal Court, BGSU/Firelands Dr. Genovese, Mark Charville, Dr. Wagner, Dr. Smith Andrew Shella, Erie County Sheriff/Jail & Sandusky Register.* Liable, slander, equal protection under the law, violated gender discrimination, lack of due process etc.

194. **COUNT XVII: Tenth Amendment Violations, violation of federal laws.**
195. The acting entities, under Ohio State Law & therefore applicable federal laws, have violated numerous federal & state laws and practices. Officials under the state law mentioning 9/11 & Virginia Tech all made claims against Plaintiff that are absurd & damaging to say the least.

196. **COUNT XVIII: Fourteenth Amendment (Rights Guaranteed Privileges and Immunities of Citizenship, Due Process and Equal Protection).**
197. *Huron Municipal Court, BGSU/Firelands Dr. Genovese, Mark Charville, Dr. Wagner, Dr. Smith Andrew Shella, Erie County Sheriff/Jail & Sandusky Register, Firelands Recovery & Rehab.* acted to grossly violate laws of due process, equal protection & created gender discrimination/civil rights violations. etc.
198. Gender & White Male stereotypes of individuals possibly involved in a Virginia Tech like matter, this stereotype precipitated parties acting in a discriminatory manner on campus. Law Director Lee Mcdermond commented to Plaintiff's Defense Attorney ……"Is that what Mr. Pryor looks like?" As if there was shock in the fact that the Plaintiff existed as such. The plaintiff's attorney responded, "that he should know what the person looks like since his mug shot has been in the local paper".

199. **COUNT XIX : TITLE 42--THE PUBLIC HEALTH AND WELFARE, CHAPTER 7--SOCIAL SECURITY, SUBCHAPTER XI--GENERAL PROVISIONS, PEER REVIEW, AND ADMINISTRATIVE SIMPLIFICATION, Part C--Administrative Simplification, Sec. 1320d-6.**
200. *Huron Municipal Court, BGSU/Firelands Dr. Genovese, Mark Charville, Erie County Sheriff/Jail & Sandusky Register, Firelands Recovery & Rehab.* Wrongful disclosure of individually identifiable health information. Release of HIPPA covered information in violation of Federal & State laws.

201. **COUNT XX: HARASSEMENT & INTIMIDATION:**
202. Dr. Christina Genovese ignored vital procedures and previously harassed Mr. Pryor at the first meeting where she placed her hand on Mr. Pryor's shoulder and then on his knee, a sign of the need to excessively control the situation is evident. This one act alone would not be sufficient for a charge but coupled with her micromanaging of my person to other faculty, coupled with her blatant disregard, on 3/21/07, of University teaching evaluation policy. In the guidelines for reviewing instructor, the reviewer is not to speak. She not only spoke out of turn when unnecessary, she also interrupted the instructor numerous times during the class. And looked at students as if to encourage, by body language, her blatant disregard for Mr. Pryor's ability to teach.
203. Also, a day after Mr. Pryor missed a class to deal with the ongoing crisis of his Mom's health & her being placed on a ventilator, Dr. Genovese ran out of her classroom and berated Plaintiff. Explaining to Plaintiff he email his students and tell them the test is canceled, 2/22/07. And she said, "we will deal with your issues after your mommy is better". Quote

15

the word " mommy" in front of her entire class on the third floor of Firelands Building (Plaintiff can provide student names, class section & course number).

204. As a proximate result of Defendants' negligence, Plaintiff has sustained mental suffering, loss of job & was the victim of acts leading to the plaintiff's arrest. At all times of the alleged incidents, Defendants were acting within the capacity of their employment as officials of the defendant institutions. Various Defendants bragged about how Plaintiff would not be coming around the Firelands Campus anymore, this was a form of intimidation & harassment while grand standing for the public arena at Mr. Pryor's expense, who attended Firelands from 1990 to 1995.

205. Defendants etc. as entities & individuals are liable for compensatory damages under the doctrines governing the hiring institutions of employment.

206. **COUNT XXI: LOCAL POLICE HARASSMENT:**
207. On or around April 21st, Plaintiff's Mother's place was harassed within a large apartment complex on 128 Perry Street. Individuals came & stated to the entire apartment complex that there was a bomb threat. Plaintiff believes his phones were tapped at his Mother home/apartment. Also, a reverse 911 call happened to Mr. Pryor on or around April 29th, it was alleged Mr. Pryor had called 911, Mr. Pryor insisted he didn't. Sandusky Police insisted they be allowed inside his Mother's home/apartment. They insisted he give his birth date.
208. Plaintiff needs more research & information to determine action on this matter, but is filing it to show police harassment.

209. **MULTIPLE CAUSES OF ACTION:**
210. The act that was placed & done on the Plaintiff can not be taken lightly; the court hopefully will see the actions for what they are. Some have speculated the plaintiff as dangerous, criminal, possibly a terrorist during this incident. If someone were speculated to be a Nazi or a Klansman no one would take that as unimportant. Defamation of character, slander, libel and false accusations were made around this case. The world of ours is run by insurance liability; Plaintiff is up against multiple parties with almost unlimited legal resources. BGSU for instances has a state wide insurance consortium to pull from multiple lawyers to try to get completely out of their actions. Plaintiff ask this court to accept this case & further appoint counsel to allow Plaintiff the right to go up against these Officials, Municipalities and Others that have wrongfully painted Plaintiff as a nut job. As one of the few people arrested for Virginia Tech, Plaintiff in this day and age can not let this matter go with out legal recourse.

211. **FIRST CAUSE OF ACTION:**
212. In arresting, searching, detaining and prosecuting the plaintiff without sufficient cause and with malice, the defendant police officers engaged in unreasonable searches and seizures in violation of the Fourth Amendment to the United States Constitution. Municipal liability for these violations of the Fourth Amendment rests upon two grounds. First, upon information and belief, the individual officials, acted in a manner supposedly representative of the policy, customs, and powers of the Huron City Municipal Court & Erie County Sheriffs Dept.
213. Second, there is a failure to acknowledge deliberate indifference to the constitutional rights of plaintiff by the University Officials, Municipal Officials & the Erie County Sheriff. It is known to a moral certainty that Officials & Officers did not act nor take any precautions against Plaintiff returning to campus on the day of the arrest, 4/19/2008. It is believed that BGSU Officials, Erie County Sheriff's Dept. & Huron Municipal Courts deliberately acted to maliciously violate plaintiff's constitutional rights, civil liberties with malicious behavior and intent to cause serious reputational damage. Furthermore, certain University Officials wanted to retaliate against Plaintiff for resigning.
214. Officers involved from the on-campus Sheriff office conspired with BGSU Officials to engage in malicious violations of plaintiff's constitutional rights and civil liberties; the slander, libel and defamation of character towards plaintiff is so egregious & tasteless it deserves punishment. Discretion gave them a choice, and BGSU Officials never consider their own actions for Plaintiff's reaction in an email. Nor do Officials acknowledge the obvious on-going harassment by Dr. Christina Genovese.

215. **SECOND CAUSE OF ACTION**
216. In arresting, searching and detaining the plaintiff maliciously and without sufficient cause, the defendant police officers engaged in unreasonable searches and seizures in violation of U.S. Constitutional Law, US Codes, the Ohio State Constitution & the Ohio Revised Code. Municipal liability for these violations rests upon these principles.

217. **THIRD CAUSE OF ACTION**
218. The defendants violated the plaintiff's rights under Ohio Law & US Constitutional Law to be free from false arrest and false imprisonment.

219. **FOURTH CAUSE OF ACTION**
220. Under the "totality of circumstances," the behavior of the individual officers in arresting, searching and detaining plaintiff amounts to a prima facie case of gender discrimination which, unless adequately rebutted by defendants, constitutes a violation of the Equal Protection Clause of the Fourteenth Amendment (BGSU/Firelands Officials and Sheriff's Dept at Firelands College had one set of parameters to treat Dr. Genovese & another for the male Plaintiff. This is a violation of the Equal Protection Clauses of US Constitution & the Ohio State Constitution as well as administrative codes for the State of Ohio.
221. Reference to an incident in 2003 where Dr. Genovese hit Joetta Cruppi an employee at BGSU Firelands. Dr. Christina Genovese made remarks quoted as, "I have people that can take you out", none of this triggered any rush to protect the campus by arresting Dr. Genovese & letting the public know. Joetta Cruppi has also had concerns that Dr. Genovese would one day smack or hit a student; these concerns have never been noted. Municipal liability, University liability involving state & county entities are at issue here, including individual officials who acted in illegal ways.
222. The circumstances giving rise to this claim include, inter alia, the fact that responsibility of officers to make an arrest is one that involves broad discretionary decision-making by officers; that the particular encounter, at issue here, which cannot be justified on the basis of the Plaintiff's behavior at the time of the arrest. Nor can the email give justification for the actions taken.
223. Municipal liability/Erie County entities rests further upon the fact that policymakers within Erie County Sheriff's Dept & Huron Municipal Court "know to a moral certainty" that officers will confront close situations as to whether there is a justifiable basis to arrest individuals; that in the exercise of such discretionary decision-making officers/officials act upon their individual experience, instincts and attitudes -- including their personal prejudices.
224. The discretionary decisions by police officers that are grounded in gender prejudice will & do amount to a denial of equal protection of & under the law; that a female can smack or punch someone and still not be arrested while making alleged threats. Even if the victim did not want prosecution, the same criterion is not in effect for plaintiff, but with no wrongdoing on his part. Only the fact of Virginia Tech happening that week, April 17, 2007 caused a rush to injustice to judge Mr. Pryor while ignoring facts about the plaintiff.
225. Officials and Officers practiced blind & deliberate indifference to Plaintiff while acting as City representatives, University Officials and County Representatives. These defendants engaged in callous disregard for the constitutional rights of the individual plaintiff.

226. **FIFTH CAUSE OF ACTION/COLOR OF LAW**
227. Under the "totality of circumstances" the defendants' behavior in arresting, searching and detaining the plaintiff amounts to a prima facie case of gender discrimination.

228. **SIXTH CAUSE OF ACTION**
229. Ohio Revised Codes such as; **2921.45 & 2921.44,** and the Ohio State Constitution; as well as rights to be free from false arrest, illegal imprisonment, gender discrimination and deprived of constitutional rights to be secure in his person and free from the use of unreasonable force by one acting under color of law under the laws of the United States and the State of Ohio. As a result of the defendants' unconstitutional and unlawful actions, Plaintiff has suffered emotional

17

distress and damage to his reputation. Plaintiff seeks a declaration that the defendants violated Plaintiff's rights and an award of damages and attorney's fees accumulated.

230. **SEVENTH CAUSE OF ACTION: ADDITIONAL & MULTIPLE ACTION YET TO EMERGE**
231. Plaintiff has more research & legal advice to gain to fully exercise rights under the law. Additional causes of action have possibly been missed from the content of this complaint or omitted entirely by Plaintiff's inexperience and legal lack of expertise. Asks for the courts mercy & respect, in not taking these issues with only a grain of salt. Virginia Tech is ingrained in the minds of people; Mr. Pryor has been tagged as associated with this matter in some way. The Plaintiff asks that these parties so named, not be allowed to underestimate what their actions mean for one lone individual, the weakest of all entities in our society.

232. **WHEREFORE**, the plaintiff requests that this Court:
Assume jurisdiction over this matter;
233. Issue a declaration that the defendants violated multiple rights of plaintiff under the United States Constitution, Ohio State Constitution, United States Codes, Ohio Revised Codes, University codes and department & institutional codes.
234. Such as; to be free of unreasonable searches and seizures; violated the plaintiff's right under Federal & Ohio law to be free from false arrest and imprisonment with malice and conspiracy to violate Civil rights and Civil liberties; violated the plaintiff's right under the Fourteenth Amendment of the United States Constitution to equal protection of the laws and to be free of gender discrimination; violated the plaintiff's right under the United States & Ohio State Constitutions to equal protection of the law and to be free of gender discrimination; exhibiting deliberate indifference to the constitutional rights of Plaintiff, in violation of 42 U.S.C. ' 1981, 1983, 1985, 1988.
235. The plaintiff holds all previous allegations of violations as important even if missed in the closing request for restitution.
236. Order the defendants to pay compensatory and punitive damages to the plaintiff; Order the defendants to pay attorneys' fees pursuant to 42 U.S.C. ' 1988; and Grant any other relief the court deems appropriate as in this complaint and as deemed rightful by courts & judge.

237. Respectfully submitted, **Donald Edward Pryor (Pro Se)**

238. **WHEREFORE**, Plaintiff requests that this Court enter judgment against the Defendants and award the following amounts:

**Two Million Dollars** compensatory damages in favor of Plaintiff;
239. **Seven million Dollars** punitive and exemplary damages in favor of Plaintiff;
240. Costs of this action and costs to Plaintiff & legal defense Attorneys in defending their person in Case no. CRB 0700088 (brought by the negligence of parties so listed), including fees to the Plaintiff pursuant to The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. Â§1988 (1976); and for prejudgment interest as allowed by law; Such other and further relief the court may deem appropriate may be applicable.
241. Dated: Sandusky, Ohio  4/17/08
STATE OF Ohio, COUNTY OF Erie) ss.:

Plaintiff, being duly sworn, states that he is the plaintiff in this action and that the foregoing complaint is true to his own knowledge, except as to matters therein stated to be alleged on information and belief.

242.   Sworn to and Subscribed before my person.

_____ DATE: 4/17/08
Attorney/Plaintiff/"Pro Se"

243.   ENCLOSED: Sheriff Report & Email.