UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DONALD EDWARD PRYOR, | CASE NO. 3:08 CV 994 |
| Plaintiff, | CHIEF JUDGE JAMES G. CARR |
| vs. | |
| UNITED STATES ATTORNEY GENERAL, *et al.*, | **Defendants Sandusky Register and Douglas Phares Reply Brief In Support Of Their Motion To Dismiss** |
| Defendants. | |

**Preliminary Statement**

In his brief opposing the Sandusky Register defendants' motion to dismiss, plaintiff Donald Pryor does not dispute that almost all of his statutory claims against the Register fail as a matter of law. He continues to insist, however, that he has stated a claim for defamation and emotional distress against the Register. As explained below, he is mistaken because he does not, and cannot, identify any false and defamatory publication by the Register. His complaint against defendants Sandusky Register and Douglas Phares should be dismissed with prejudice.

**I.     Pryor's State Statutory Claims Should Be Dismissed.**

Pryor does not dispute that he presently has 10 state statutory claims pending against the Register. He also does not dispute the grounds offered by the Register for dismissing eight of those claims (Ohio Rev. Code §§ 109.362. 2307.61, 4112.05, 120.06, 2933.21, 2923.34, 2923.31, and 2923.01). Because the Register's motion to dismiss those eight claims is

effectively unopposed, the Court should dismiss them.[1]

The only two state statutory claims that Pryor does address, although not expressly, are Ohio Rev. Code §§ 1349.12 and 1349.192. Those statutes, however, have no application here; they concern the duty of a person who possesses computerized personal information to disclose any breach of the security system protecting that information. Pryor argues that the Register has his personal information because it printed Pryor's mug shot in the newspaper and maintains stories on its website "alleging [Pryor's] address, age, sex & [his] mental health test results and career path."[2] The Court must reject Pryor's argument and dismiss these two claims for at least two separate and independent reasons:

(1) Pryor does not dispute the Register's assertion that only the Ohio Attorney General, not Pryor, can maintain a private cause of action under these two statutes;[3] and

(2) Pryor has not sufficiently alleged that the Register violated these statutes because his amended complaint does not allege that the Register has Pryor's "personal information," which the statute defines as a person's name "in combination with and linked to" a social security number, driver's license number, or bank account or credit card number.[4]

All of Pryor's statutory claims against the Register should be dismissed.

---

[1] *See, e.g.*, *Dubai Islamic Bank v. Citibank, N.A.*, 126 F.Supp.2d 659, 670-671 (S.D.N.Y. 2000) (failing to adequately address an argument for dismissal of a claim in an opposition brief implicitly concedes the claim's legal insufficiency and "constitutes abandonment of the issue").

[2] (Plaintiff's Memo. in Opp., at ¶ 30.)

[3] Ohio Rev. Code § 1349.192(A)(1) (giving the attorney general "exclusive authority" to bring a civil action against a person failing to comply with Ohio Rev. Code § 1349.19).

[4] Ohio Rev. Code § 1349.19(A)(7).

## II. Pryor's Defamation And Emotional Distress Claims Should Be Dismissed.

### A. Pryor's defamation claim fails because his amended complaint does not sufficiently allege that the Register defamed him.

Pryor does not dispute that his amended complaint asserts only two state common law causes of action against the Register – defamation and intentional infliction of emotional distress. He also does not dispute that dismissal of his defamation claim necessarily causes his emotional distress claim to fail because it is based on the same alleged defamation.[5]

As explained in the Register's main brief, Pryor has not stated a claim for defamation because he does not specifically allege that the Register published a *false* statement about him. Pryor disagrees and argues that "the Register printed commentary that alluded to the fact that Virginia Tech prompted these actions, as stated by a third party, Captain Paul Sigworth [sic] of the Erie County Sheriff's Department."[6] But Pryor does allege that this was a *false* statement in his amended complaint. Indeed, its unclear from Pryor's amended complaint what he alleges the Register published, let alone what was false about it. And insofar as Pryor argues in his *brief* that the Register published a false statement, that argument is no substitute for the allegations of essential facts missing from his pleading.[7]

Pryor's defamation allegations are also insufficient because he does not allege that the Register published whatever statement he may be contesting with the requisite amount of fault, and such fault cannot be reasonably inferred from the few vague allegations that he makes

---

[5] *McGee v. Simon & Schuster, Inc.*, 154 F.Supp.2d 1308, 1315-1316 (S.D. Ohio 2001).

[6] (Plaintiff's Memo. in Opp., at ¶ 29.).

[7] *Dubai Islamic Bank*, 126 F.Supp.2d at 671 n.16.

against the Register.[8]  Although the Register made this particular argument in its main brief, Pryor does not respond to it.[9]

Pryor's amended complaint fails to state a claim for defamation because it does not sufficiently allege, as it must, at least two of the essential elements.  His defamation claim should be dismissed on that basis alone, and his emotional distress claim necessarily fails as well.

**B.    The Court should dismiss Pryor's defamation claim for the separate and independent reason that the article which he appears to contest is not defamatory as a matter of law.**

The Court should dismiss Pryor's defamation claim for the separate and independent reason that the "printed commentary," which he seems to challenge in his opposition brief, is not defamatory as a matter of law.  The Register has attached a copy of the article that Pryor appears to contest, which the Court can consider without converting the Register's motion into one for summary judgment.[10]  Whether a particular publication is actionable as a defamation is a question of law for the court.[11]  Thus, the Court can read the attached article and decide for itself (as a matter of law) whether it is defamatory.

Captain Sigsworth's statement about Virginia Tech, reported in that article and apparently relied upon by Pryor, is not defamatory as a matter of law.  The article quotes Sigsworth as follows:

---

[8] *Bruss v. Vindicator Printing Co.*, 109 Ohio App.3d 396, 399 (7th Dist. 1996) (identifying fault as essential element of defamation claim).

[9] (*See* Register's Br. in Support, at 11.)

[10] When a plaintiff bases his complaint upon a written publication and does not attach it to his complaint, the Court may consider the publication if provided by the defendant. *McGee*, 154 F.Supp.2d at 1311 n.3.

[11] *McGee*, 154 F.Supp.2d at 1312-1313.

> Capt. Paul Sigsworth . . . explained the series of events that led to Pryor's arrest.
>
> "In light of what happened at Virginia Tech, we felt the need to respond quickly and appropriately on this matter," he said. "When we learned of the e-mail, we asked Dr. Genovese to report it to school officials immediately and we started the investigation."[12]

Sigsworth's statement is not actionable because it is not a false and derogatory statement of fact about Pryor.[13] Sigsworth was not making a derogatory statement of fact about Pryor, only explaining his own behavior and state of mind. He did not predict how Pryor would act, nor was he even stating that Pryor was dangerous. He was merely expressing his own thoughts as to why he and others responded quickly to the matter; that is, because the Virginia Tech shootings – which occurred just two days before Pryor sent the e-mail[14] – had caused a heightened cautiousness on college campuses. Pryor does not allege that the Register incorrectly quoted Sigsworth.

Pryor's defamation claim must be dismissed because the article that he seems to contest is not defamatory as a matter of law. Thus, his emotional distress claim necessarily fails as well.

**Conclusion**

For all of the reasons offered here and in the Register's main brief, the Court should dismiss all claims against the Sandusky Register and its publisher Douglas Phares.

---

[12] (Exhibit 1.)

[13] *See McGee*, 154 F.Supp.2d at 1312 (recognizing that statement must be "false and defamatory" to be actionable as defamation).

[14] The Court can take judicial notice that the Virginia Tech shootings occurred on April 16, 2007. Pryor attached his e-mail, dated April 18, 2007, to his original complaint.

Respectfully submitted,


s/ Matthew J. Cavanagh
David L. Marburger (OH 0025747)
Matthew J. Cavanagh (OH 0079522)
BAKER & HOSTETLER LLP
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio 44114-3485
T 216.621.0200
F 216.696.0740
dmarburger@bakerlaw.com
mcavanagh@bakerlaw.com

*Counsel for Defendants*
*Sandusky Register and Douglas Phares*

# Certificate Of Service

I hereby certify that on October 15, 2008, a copy of the foregoing *Defendants Sandusky Register and Douglas Phares Reply Brief In Support Of Their Motion To Dismiss* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

                                              s/ Matthew J. Cavanagh
                                              *Counsel for Defendants*
                                              *Sandusky Register and Douglas Phares*