IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Donald Edward Prior,   Case No. 3:08CV994

    Plaintiff

v.   ORDER

Michael B. Mukasey, et al.,

    Defendant

This is a *pro se* suit by a former instructor at the Firelands branch of Bowling Green State University. Following his resignation, which, according to the complaint, was accompanied by publication of unfavorable information about the plaintiff in the defendant *Sandusky Register* newspaper, plaintiff sued nearly two dozen individuals and entities. His complaint asserted claims under 42 U.S.C. § 1983 and various state statutes and common law doctrines.

The undersigned dismissed several claims and defendants *sua sponte* on initial review of the complaint. I allowed the case to proceed as to some of the defendants. Now pending are motions by the three remaining state defendants and the *Register* and its publisher to dismiss. [Docs. 12, 19]. For the reasons that follow, the motions shall be granted.[1]

---

[1] Also pending is a motion by plaintiff to file "evidence" under seal. [Doc. 25]. The material accompanying that motion shall be filed to perfect the record, but such filing shall not be under seal, as plaintiff fails to show adequate cause to seal the materials he submits to the court.

**1. State Defendants' Motion to Dismiss**

The state defendants seek dismissal on the grounds that: 1) plaintiff, by filing a substantially duplicative compliant with the Ohio Court of Claims, has waived his right to file suit in this court; and 2) they are immunized under federal and state law from any claim for damages.

Section 2443.02(A)(1) of the Revised Code provides that "filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer or employee" involved in that act or omission."[2] Such waiver extends to federal claims under § 1983. *See, e.g., Turker v. Ohio Dep't of Rehabilitation and Corrections*, 157 F.3d 453, 457-8 (6th Cir. 1998); *Leaman v. Ohio Dep't of Mental Rehabilitation and Developmental Disabilities*, 825 F.2d 946 (6th Cir. 1987).

In response to this otherwise impenetrable statutory barrier to maintaining suit in this court, the plaintiff argues, in essence, that he received bad advice to file in both the Court of Claims and this court and, in doing so, he did not want or intend to forego any rights he has to seek relief here.

This does not matter: the law applies equally to those who are well-informed and those who are ill-informed. *Cf. Resek v. City of Seven Hills*, 9 Ohio App.3d 224, 230 (1983) (noting doctrine that ignorance of the law is not a defense). What matters is that the bar created by § 2443.02(A)(1) is absolute. *Staton v. Henry*, 1998 WL 204937, *1 (Ohio App.) ("Ohio law does not recognize an

---

Because those materials are outside the four corners of plaintiff's complaint, I cannot take them into account as I adjudicate the pending motions to dismiss. *See, e.g., Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir.2001) (courts not permitted to look beyond the four corners of the pleadings when resolving a motion to dismiss).

[2] Plaintiff does not dispute defendants' contention that the two suits are, in their essence, duplicative. Comparison of the complaint in this case with the complaint in the Court of Claims [Doc. 13, Exh. 2] shows, in any event, that the defendants and allegations overlap substantially.

exception to the absolute waiver contained in R.C. 2743.02(A)(1)"). Plaintiff's filing of suit in the Court of Claims waived his right to recover on either federal or state claims in this suit.

In any event, the movants are entitled to qualified immunity from plaintiff's federal claims. *See generally Anderson v. Creighton*, 483 U.S. 635, 638 (1987). The plaintiff has the burden, *see, e.g., McCloud v. Testa*, 97 F.3d 1536, 1542 (6th Cir. 1996); *Washington v. Newsome*, 977 F.2d 991, 995 (6th Cir. 1992), of showing that the defendants knew or had reason to know that their actions violated clearly established rights under the federal Constitution or laws. *See, e.g., Pray v. City of Sandusky*, 49 F.3d 1154, 1158 (6th Cir. 1995); *Adams v. Metiva*, 31 F.3d 375, 386 (6th Cir. 1994). Neither his complaint nor opposition to the motion to dismiss shows that he can meet this burden.

In addition, just as the doctrine of qualified immunity under federal law protects the defendants from liability on plaintiff's federal claims, the statutory immunity provided under O.R.C. § 9.86 protects them from plaintiff's state law claims. That provision immunizes state employees from liability on state law claims arising from the performance of their duties unless their actions were manifestly outside the scope of their employment, malicious, wanton, reckless, or undertaken in bad faith. Section 2743.02(F) of the Revised Code, moreover, vests exclusive jurisdiction in the Court of Claims to determine whether an employee's conduct falls out side the scope of the immunity provided by § 9.86.

The Sixth Circuit has read §§ 9.86 and 2743.02(F) together to hold that a state employee is immune from state law claims until the Court of Claims has held that § 9.86 immunity is unavailable. *Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir. 1989) ("Until the Ohio Court of Claims determines that [defendants] are not immune, there is no cause of action cognizable under Ohio law over which the district court can assert pendent jurisdiction.").

The Court of Claims has yet to make such ruling. In light of *Haynes*, I have no jurisdiction to do so.

The State defendants' motion to dismiss is well taken and shall be granted.

### 2. *Sandusky Register* Motion to Dismiss

Plaintiff claims that the *Register's* reports relating to him, which included stories about an incident that preceded his resignation [namely, sending an email to a colleague that she perceived as threatening and her report of the email], a subsequent law enforcement investigation and plaintiff's arrest for telecommunications harassment were defamatory, intentionally inflicted emotional distress and violated various state statutes.

The factual allegations on which the plaintiff bases his claims against the *Register* and its publisher are:

- the *Register* exists as a Corporation;

- the paper "began an onslaught of media coverage" about the plaintiff, leading to "widespread media dissemination of this story. Including one front page cover that revealed Plaintiff's mental health";

- the story was delayed;

- a "network" at the paper had knowledge of improprieties in the cities of Sandusky and Huron;

- plaintiff appeared on five cover stories in the paper;

- the paper used those stories to make money;

- the paper applies different standards when reporting about persons with financial resources and those without such resources;

- someone leaked a statement in a law enforcement report about the plaintiff comparing the situation to the Virginia Tech shootings.

None of these contentions suffices to state a cause of action. Nor do they do so when read *in toto*.

### A. Tort Claims

Plaintiff does not allege that anything written about him in the *Register* was false. Unflattering, yes; embarrassing, yes – but not false. An allegation of falsity is an indispensable element of a defamation claim. *See, e.g., Iwenofu v. St. Luke School*, 132 Ohio App. 3d 119, 132 (1999).

Plaintiff also fails to allege culpable fault in the paper's publication of its stories about him. Such allegations are likewise essential to a defamation claim, *see, e.g., Fitzgerald v. Roadway Express, Inc.*, 262 F.Supp.2d 849, 855 (N.D. Ohio 2003), and their absence compels dismissal.

When a plaintiff bases a claim for intentional infliction of emotional distress on allegedly defamatory statements, dismissal of the defamation claim requires the dismissal of the emotional distress claim. *Ferreri v. Plain Dealer Publishing Co.*, 142 Ohio App. 3d 629, 644 (2001).

### B. Statutory Claims

Plaintiff seeks to assert several claims under the Revised Code. He can prevail as to none of those claims.

Section 109.362 relates to the Attorney General's duty to defend state officers and employees; it has no possible application to the paper.

Section 2307.61 allows a property owner to recover damages from a person who "willfully damages" the owner's property or commits a "theft offense" involving the owner's property. Plaintiff neither alleges, nor could he, in light of his factual assertions, that the *Register* willfully damaged or stole any of his property.

Section 4112.05, which outlines the procedure for filing a charge of unlawful discriminatory practice with the Ohio Civil Rights Commission, has no application to the newspaper.

Sections 1349.19 and 1349.192 concern the duty of a person who possesses computerized personal information to disclose any breach of the security system protecting that information. Plaintiff does not allege that the *Register* kept any such data or that its security protections were breached. Plaintiff, in any event, has no standing to recover under those provisions: § 1349.192 expressly limits enforcement authority to the Attorney General.

Section 120.06 concerns the state public defender's legal representation of indigent persons charged with a crime. It has no application to the paper.

The remaining statutes cited by plaintiff, Revised Code §§ 2933.21, 2923.34, 2923.31, and 2923.01, are criminal statutes which do not give rise to a private cause of action. *See, e.g., Peterson v. Scott Const. Co.*, 5 Ohio App.3d 203, 204 (1982).

Nothing in plaintiff's allegations against the *Register* or its publisher give rise to a right to recover any damages from them, and they are entitled to dismissal.

**Conclusion**

For the foregoing reasons, it is hereby

ORDERED THAT

1. The motions of the State defendants [Doc. 12] and *Sandusky Register* defendants [Doc. 20] be, and the same hereby are granted; and

2. Plaintiff's motion for leave to file evidence under seal [Doc. 25] be, and the same hereby is denied.

The Court certifies, pursuant to 28 U.S.C. 1915(a)(3), that an appear from this decision could not be taken in good faith.

So ordered.

s/James G. Carr<br>
James G. Carr<br>
Chief Judge