IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Donald Edward Prior,  Case No. 3:08CV994

        Plaintiff

v.  ORDER

Michael B. Mukasey, et al.,

        Defendant

This is a *pro se* civil rights case arising from the arrest and prosecution of the plaintiff, a former Instructor at Bowling Green [Ohio] State University--Firelands [Firelands]. Pending is the motion of the defendant Lee McDermond for summary judgment. [Doc. 31].

For the reasons that follow, the defendant's motion shall be granted.[1]

**Background**

On April 18, 2007, the plaintiff sent an email to Dr. Christine A. Genovese, also an instructor at Firelands. The email, according to the Plaintiff, was to resign his position at the University and to "let

---

[1] Plaintiff has filed a Motion to Strike Summary Judgment. [Doc. 43]. That motion sought an extension of time to respond to the motion for summary judgment so that plaintiff could obtain additional information from his former defense attorney. That motion shall be denied, as plaintiff had has filed his opposition to the motion for summary judgment [Doc. 49], with which he submitted several exhibits.[Doc. 48].

his frustrations out [and] let rightful discord be heard." The tone and tenor of the email apparently made Genovese apprehensive and she forwarded it to Mark Charville, Director of Budget and Operations at the Firelands. Dr. Genovese wrote that she felt threatened by the email.

Charville, in turn, contacted BGSU Legal Counsel and the Huron Municipal Court. He and Genovese met on April 19, 2007, with Erie County, Ohio, Deputy Sheriff Jeffrey Hippely to report the incident. They gave Deputy Hippely a copy of the email; they also told the Deputy that plaintiff had been "acting strangely lately" and that Genovese and plaintiff had had an altercation at the University the day before.

Deputy Hippely and Erie County Sheriff's Captain Paul Sigsworth met with defendant Lee McDermond, Law Director of the City of Huron, to discuss the matter. McDermond advised Deputy Hippely to charge the plaintiff with one misdemeanor count of Telecommunications Harassment, under O.R.C. § 2917.21(B). Acting on that recommendation, Deputy Hippely signed the complaint, which he filed with the Huron Municipal Court.

The court issued a warrant for the plaintiff's arrest, and Deputy Hippely arrested him later that day at Firelands. He was, on request of defendant McDermond at the initial appearance, detained pending a mental status examination. That examination was conducted on April 20, 2007.

McDermond also requested, and obtained, a search warrant for the plaintiff's residence for the purpose of locating and seizing any firearms that might be found there.

Trial on the telecommunications harassment complaint resulted in a not guilty verdict. This suit ensued.

Plaintiff asserts state law claims for malicious prosecution and false arrest against defendant McDermond; I have previously interpreted the complaint as raising claims under 42 U.S.C. § 1983

2

for wrongful issuance of the arrest and search warrants, denial of plaintiff's right to freedom of speech, and the denial of substantive due process.

## Discussion

### 1. Malicious Prosecution

To sustain a cause of action for malicious criminal prosecution in Ohio, plaintiff must prove: "(1) malice in instituting or continuing [a] prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused." *Trussell v. General Motors Corp.* 53 Ohio St.3d 142 (1990) (Syllabus). In an action for malicious prosecution, malice is "inferred from the absence of probable cause." *Carlton v. Davisson*, 104 Ohio App. 3d 636, 651 (1995) (citing *Melanowski v. Judy*, 102 Ohio St. 153 (1921)).

To overcome defendant's motion for summary judgment, the plaintiff cannot simply rest on the allegations of his complaint; he must produce evidence sufficient to show that there is a genuine issue of material fact as to malice on the defendant's part. *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[T]he plaintiff could not rest on his allegations of a conspiracy to get to a jury without 'any significant probative evidence tending to support the complaint'").

Neither the extensive exhibits plaintiff submitted with his amended complaint [Doc. 33], subsequently filed exhibits [Doc. 48] nor his opposition to the motion for summary judgment [Doc. 49] provide evidence that the defendant acted maliciously. Instead, plaintiff simply reiterates, and to some extent elaborates on the allegations of his complaint. This does not suffice to show that the defendant acted maliciously when he recommended that Deputy Hippely file a complaint against

the plaintiff.² Because the plaintiff has not shown that there is evidence on which a rational jury could find that the defendant acted with malice, he cannot prevail on his malicious prosecution claim.

The defendant, in any event, is absolutely immune from liability for his decision to authorize the filing of the complaint against the plaintiff. In Ohio, prosecutors are "quasi-judicial" officers and are absolutely immune from liability for malicious prosecution when their activities are "intimately associated with the judicial phase of the criminal process." *Hunter v. City of Middletown*, 31 Ohio App. 3d 109, 110 (1986) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This absolute immunity extends to "the prosecutor's functions in initiating a prosecution and presenting the state's case. . . ." *Carlton v. Davisson,* 104 Ohio App. 3d 636, 650 (1995).

Prosecutors are immune from suit for their actions in instituting and maintaining a prosecution not only under Ohio common law; they are protected by statutory immunity as well. Ohio Revised

Code § 277.03(A)(1) provides that an employee of a political subdivision is immune from liability in civil actions where the employee is "engaged in the performance of a judicial, quasi-judicial, prosecutorial, legislative, or quasi-legislative function." Such immunity extends to acts undertaken within the scope of the prosecutor's employment and not acting with malice or in bad faith. O.R.C. § 277.03(A)(6).

Defendant is entitled to summary judgment on plaintiff's claim of malicious prosecution.

---

² The defendant contends that a judicial finding of probable cause prior to issuance of an arrest warrant defeats plaintiff's contentions about a lack of probable cause for the complaint. Contrary to the defendant's contentions, the record shows that a Deputy Clerk, rather than a Judge, issued the warrant.

**2. False Arrest**

Plaintiff claims that the defendant is liable for false arrest. A claim for false arrest arises when a party is wrongfully deprived of liberty by an authority with the power to arrest. *Burr v. Burns*, 439 F. Supp. 2d 779, 790 (S.D. Ohio 2006). To be prevail on a false arrest claim, plaintiff must prove he was detained by the defendant and that the detention was unlawful. *Id.; see also Rogers v. Barbera*, 170 Ohio St. 241, 243 (1960).

Plaintiff cannot prevail on his claim of false arrest against the defendant because he does not allege that the defendant wrongfully detained him or was the arresting officer.

Defendant is, accordingly, entitled to summary judgment on plaintiff's claim of false arrest.

**3. Federal Claims Under § 1983**

Reading the complaint most favorably to the plaintiff, he may be discerned to be asserting that the defendant violated the Fourth Amendment protection against unreasonable searches and seizures; the First Amendment guarantee of free speech, and his right to substantive due process. As defendant's motion argues, his clams are without merit in light of settled legal doctrines.

**A. Fourth Amendment**

The defendant simply authorized filing of the complaint. He did not issue or execute the arrest warrant. Therefore, he cannot be held accountable for any constitutional infirmity in the plaintiff's arrest.

Likewise, though the defendant requested judicial authority to conduct a search of the defendant's residence, he neither issued the warrant nor participated in the ensuing search. Once again, whether that process was constitutionally infirm is not something for which he is culpable.

**B. First Amendment**

5

The right to speak freely is not absolute. *See, e.g., Chaplinsky v. New Hampshire*, 315 U.S. 568 (1942). Unprotected speech includes "the lewd and obscene, the profane, the libelous, and the insulting or 'fighting' words—those which by their very utterance inflict injury or tend to incite an immediate breach of the peace." *Id*. at 572.

The gravamen of plaintiff's First Amendment claim is that defendant prosecuted plaintiff for one count of telecommunications harassment pursuant to O.R.C. § 2917.21(B) This statute provides that: "No person shall make or cause to be made a telecommunication, or permit a telecommunication to be made from a telecommunications device under the person's control, with purpose to abuse, threaten, or harass another person."

Plaintiff's contentions – and his response to the motion for summary judgment – are vague, conclusory, and unsupported by pertinent case law. He has, therefore, failed to show that there is a triable genuine issue of material fact as to whether the defendant violated his First Amendment rights by prosecuting him for having sent the abusive email to Genovese.

### C. Substantive Due Process

The plaintiff's last claim under § 1983 is that the defendant deprived him of his right to substantive due process. Substantive due process ensures that governmental actions are not "arbitrary, or conscience shocking, in a constitutional sense." *Collins v. Harker Heights*, 503 U.S. 115, 128 (1992).

The defendant's actions in this case do not rise to an actionable level of egregiousness. Plaintiff's claim that defendant violated his substantive due process rights has no merit.

### D. Qualified Immunity

Even if plaintiff had shown that the defendant had violated a right guaranteed under the Constitution, the motion for summary judgment remains well-taken. This is so because the defendant was protected by the doctrine of qualified immunity.

Qualified immunity shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate 'clearly established' statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To overcome the protections given to public officials under this doctrine, the plaintiff must show that the defendant's actions were not, at the time of those actions, objectively reasonable in light of "clearly established" legal doctrines at the time it was taken. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).

To meet this burden, the defendant must point to a clearly established right violated by the defendant, and establish that a reasonable officer in the defendant's position should have known that his conduct violated that right. *Pray v. City of Sandusky*, 49 F.3d 1154, 1158 (6th Cir. 1995).

Defendant can satisfy neither component of this test. As discussed in the preceding subsections, he has not shown that the defendant violated a clearly established constitutional right. Even if he had met that requirement, he has not shown that such rights, as purportedly violated by the defendant's act of approving the filing, and the maintaining the prosecution of the misdemeanor complaint was such that a reasonable person would have known that he was violating the plaintiff's constitutional rights by such actions.

Even if plaintiff were able to show that the defendant had done something constitutionally wrong, he has not overcome the defendant's right to qualified immunity.

**Conclusion**

There is no merit to the plaintiff's complaints and claims against defendant, who is, consequently, entitled to summary judgment in his favor. It is, therefore,

ORDERED THAT:

1. Defendant's motion for summary judgment [Doc. 31] be, and the same hereby is granted;

2. Plaintiff's motion to strike the defendant's motion for summary judgment [Doc. 43] be, and the same hereby is denied.

An appeal from this Order could not be taken in good faith, and shall not be allowed without prepayment of the requisite appellate filing fee.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
