IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Donald Edward Pryor,                               Case No. 3:08CV994

         Plaintiff

    v.                                                       ORDER

Eric B. Holder, et al,

         Defendant

     This is a *pro se* case in which dismissal has been entered in favor of all parties, concluding with entry of such order as to remaining defendants on February 26, 2009. [Doc. 52]. Since then, the plaintiff has filed several motions. [Docs. 54, 55, 56, 57, 58].

     The only motion meriting attention and a ruling is plaintiff's motion for reconsideration of a summary judgment order entered on November 21, 2008. In that order I granted the motion of the State defendants and Sandusky *Register* defendants for summary judgment. [Doc.32].

     Plaintiff's motion does not present new evidence or cite any new authority that could not have been called to my attention prior to my ruling on the motion for summary judgment.

     It is not an acceptable purpose of plaintiff's motion, which is simply a motion seeking to have me reconsider my prior ruling, to ask me to re-do that which I already have done.

Although "motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal," they are "extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged." *In re August, 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1406 (S.D. Ind.1994). To be sure, "a court can always take a second look" at a prior decision; but "it need not and should not do so in the vast majority of instances," especially where such motions "merely restyle or re-hash the initial issues." *Id*. at 1407. It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or "to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue." *Id*. at 1408. Where, as is the case with much of the instant motion, "[a party] views the law in a light contrary to that of this Court," its "proper recourse" is not by way of a motion for reconsideration "but appeal to the Sixth Circuit." *Dana Corp. v. U.S.*, 764 F.Supp. 482, 489 (N.D. Ohio 1991); *see also McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996).

Plaintiff's motion for reconsideration is not well-taken. Dismissal of all parties not being reconsidered or reversed, all other pending motions are moot.

It is, therefore,

ORDERED THAT:

1. Plaintiff's motion for reconsideration [Doc. 57] be, and the same hereby is overruled;

2. Other pending motions filed by plaintiff [Doc. 54, 55, 56, 58] be, and the same hereby are overruled as moot.

3. Plaintiff shall not file, and the Clerk shall not accept for filing any further motions by plaintiff in this case unless plaintiff first has been granted leave, on application and a showing of cause to the undersigned, to do so.

The Clerk shall enter judgment in accordance with this Court's orders.

So ordered.

s/James G. Carr  
James G. Carr  
Chief Judge